UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHARLES BARRON, MELINDA PERKINS,
TERRY NORFLEET, ROSCOE GREGORY,
and ANITA FISCHER,

                Plaintiffs,

                **ORDER**

    -against-

                08 CV 3839 (RJD) (RER)

NEW YORK CITY BOARD OF ELECTIONS,

                Defendant.
------------------------------------------------------X

DEARIE, Chief Judge.

        Plaintiffs seek a temporary restraining order to compel defendant to place Inez D. Barron on the November 4, 2008 General Election ballots in the 40th Assembly District as a candidate for the office of Member of Assembly, to fill the vacancy in the term of office expiring on December 31, 2008. Plaintiffs allege that defendant's failure to do so violates Sections 2 and 5 of the Voting Rights Act of 1965; 42 U.S.C. §§ 1971(a)(1) and 1971(a)(2)(A); and the Equal Protection Clause of the Constitution. Counsel for the parties met with the Court on Monday, September 23, 2008, the day this motion was filed. At that time, the Court ordered an expedited briefing schedule. The defendant's response was received by the Court on the morning of September 25, 2008, and plaintiffs' reply was received later the same day. A subsequent telephone conference with the parties took place on Monday, September 29, 2008. For the following reasons, the plaintiffs' application for a temporary restraining order is denied.

## BACKGROUND

On April 16, 2008, the New York Board of Elections certified a vacancy in the office of Member of Assembly for the 40th Assembly District after Assemblywoman Diane Gordon's convictions for multiple felonies. The seat remains vacant and the current term expires on December 31, 2008.

On June 16, 2008, Inez D. Barron and two other individuals sought an order from New York Supreme Court to compel the Board of Elections to hold a primary and general election to fill the vacancy until its expiration on December 31, 2008. The Supreme Court ordered the relief sought by Ms. Barron, and that decision was affirmed by the Appellate Division, Second Department. The New York Court of Appeals reversed the decision of the Appellate Division on September 4, 2008, holding that New York election law prohibits simultaneous elections for the expiring and full terms of a single Assembly seat on the same general election ballot. Ms. Barron remains a candidate on the November 4th ballot for the full term commencing on January 1, 2008, and, it is generally recognized, will likely succeed to that office on that date.

Plaintiffs are five African-American voters who reside within the 40th Assembly District. They allege that the Board of Election's refusal to hold an election for the remaining two months of the expiring term violates Sections 2 and 5 of the Voting Rights Act of 1965; 42 U.S.C. §§ 1971(a)(1) and 1971(a)(2)(A); and the Equal Protection Clause of the Constitution.

## DISCUSSION

Section 5 of the Voting Rights Act mandates that "any action under this section shall be heard and determined by a court of three judges. . . ." 42 U.S.C. 1973c. However, "it has long

been held that a single judge may dismiss a claim that must normally be heard by a three judge court if it is 'insubstantial.'" Kalson v. Paterson, 2008 U.S. App. LEXIS 19166 (2d Cir. Sept. 9, 2008). Based on the facts presented thus far in this expedited litigation, the Court will not make a finding of insubstantiality. Accordingly, the Court requests that the Chief of the Circuit designate a three judge panel to hear the merits of plaintiffs' claims for preliminary and permanent injunctive relief.

A single district judge is empowered to issue a temporary restraining order in the context of a Section 5 claim "on a specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted. . . ." 42 U.S.C. 2284(b)(3). *See also* Puerto Rican Legal Defense and Education Fund, Inc. v. City of New York, 769 F.Supp. 74, 75-76 (E.D.N.Y. 1991). While their claim is not insubstantial, plaintiffs have failed to demonstrate that they will suffer irreparable harm in the absence of a temporary restraining order. The Court has been advised by counsel that while the printing of absentee, military, and special ballots for the November 4, 2008 election will commence in short order, changes to the regular ballots can be made for at least several more weeks. In light of the fact that Ms. Barron is the only candidate to have filed a valid petition for the term expiring on December 31, 2008, and would therefore run unopposed if the relief plaintiffs seek is ultimately granted, plaintiffs will not suffer irreparable harm if Ms. Barron's name does not appear on the military, absentee, and special ballots for the expiring term. Moreover, none of the five plaintiffs have alleged that they will be unable to vote in person on November 4.

Finally, the Court notes that the decision of the New York Court of Appeals was issued on September 4, 2008—a full two weeks before plaintiff filed this action. While this would

represent an inconsequential period of time in the course of ordinary litigation, the delay in filing this action does call into question the emergent nature of the request for equitable intervention.

Accordingly, plaintiff's motion for a temporary restraining order is denied.

SO ORDERED.

Dated: Brooklyn, New York
October _/_, 2008

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge